UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIAM OMUNA | CIVIL ACTION NO. 05-0386-M |
| VS. | SECTION P |
| DALE DAUZAT, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed on March 2, 2005, by the above named *pro se* petitioner. At the time of his filing, plaintiff was a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (DHS/ICE). He was awaiting removal and was being detained at the Tensas Parish Detention Center (TPDC), Waterproof, Louisiana.

## STATEMENT OF THE CASE

Petitioner filed his petition on March 2, 2005. On June 30, 2005 plaintiff was ordered to amend his complaint to cure various deficiencies. [Doc. 8] On July 8, 2005 that order was returned to the court undelivered with the notation that plaintiff was no longer at the TPDC. [Doc. 9] On August 17, 2005, this case was reassigned to the undersigned Magistrate Judge. Notice of that fact was mailed to the plaintiff, and again, on August 24, 2005, the notice was returned with the notation that plaintiff was no longer detained at the TPDC. [Doc. 10]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of

1

the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned and plaintiff has failed to apprise the court of his whereabouts.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 12th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE